**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Travis LeJeune, *et al.* | Civil Action No. 6:24-cv-01586 |
| Versus | Judge David C. Joseph |
| Nabors Drilling Technologies USA, *et al.* | Magistrate Judge David J. Ayo |

### TALOS ENERGY LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Talos Energy LLC ("Talos"),[1] in response to the Petition for Damages [Rec. Doc. 1-1] (the "Petition") filed by Plaintiffs, Travis LeJeune ("Mr. LeJeune") and Cailyn LeJune, individually and on behalf of their minor children, PJL, LJL, and HAL (collectively, "Plaintiffs"), which was removed to this Court by Talos, hereby avers as follows:

#### First Affirmative Defense

The Petition fails to state a claim against Talos upon which relief can be granted.

#### Second Affirmative Defense

Plaintiffs have no cause or right of action against Talos.

#### Third Affirmative Defense

Talos affirmatively avers that the damages alleged by Plaintiffs were not sustained as a result of any negligence, fault, want of due care, or breach of duty by Talos nor on the part of others for whose conduct Talos may in any way be responsible, but occurred and/or were caused solely by the negligence, fault, want of due care, and/or breach of duty by Mr. LeJeune, his employer (Offshore Energy Services, LLC), any other party and/or defendant named in this

---

[1] Although the Petition for Damages [Rec. Doc. 1-1] also named Talos Oil & Gas LLC as an additional defendant, undersigned counsel has advised counsel for Plaintiffs that this Talos entity is not a proper party to this litigation, and Plaintiffs' counsel has agreed to dismiss this entity without prejudice.

lawsuit, and/or others for whom Talos has no responsibility, which bars and/or mitigates any recovery by Plaintiffs against Talos.

## Fourth Affirmative Defense

Talos affirmatively avers the damages alleged by Plaintiffs were proximately caused in whole or in part by the negligence, fault, want of due care, and/or breach of duty on the part of other persons and/or entities for whom Talos is and/or was not legally responsible, regardless whether such individuals and/or entities are defendants or not, which is pled in bar, in reduction, or mitigation of the damages claimed by Plaintiffs, and any amounts found owing to Plaintiffs should be reduced to the extent of the apportionment of fault to Mr. LeJeune and/or other individuals and/or entities.

## Fifth Affirmative Defense

In the alternative, Talos affirmatively avers that in the event it is found Plaintiffs sustained any injury and/or damages as a result of the negligence or fault of Talos and/or anyone for whom Talos could or might be responsible, which is not admitted but specifically denied, Talos maintains Mr. LeJeune's own negligence and/or fault caused and/or contributed to such injury and/or damages in the following non-exclusive particulars:

1. Failing to exercise due care and act with ordinary prudence like a reasonable person under the circumstances;

2. Failing to comply with accepted and customary industry practices;

3. Disregarding his own experience, training, and/or education;

4. Acting in a careless and reckless manner with regard to his own safety and wellbeing;

5. Placing himself in a zone of danger which was unnecessary and unwarranted under the circumstances; and

6.    Other acts and/or omissions which may be established throughout discovery and/or trial of this matter.

### Sixth Affirmative Defense

Talos affirmatively avers that it acted reasonably under the circumstances, and it did not breach any duties, obligations, and/or requirements under federal or state law and, as such, is not liable to any parties for the claims asserted by Plaintiffs.

### Seventh Affirmative Defense

In the alternative, and only in the event of any negligence, fault, or breach of duty by Talos, which is not admitted but is specifically denied, Talos affirmatively avers that Plaintiffs may have failed to fully and properly mitigate their damages, if any, which is not admitted but is specifically denied, as required by law and such failure serves to bar and/or reduce any recovery of damages by Plaintiffs.

### Eighth Affirmative Defense

In the alternative, and only in the event of any negligence, fault, or breach of duty by Talos, which is not admitted but is specifically denied, Talos affirmatively avers that such negligence, fault, or breach of duty is merely passive and secondary compared to the active and primary fault of others for whom Talos has no responsibility, and Talos is entitled to have any award and/or judgment against it mitigated and reduced accordingly.

### Ninth Affirmative Defense

The damages alleged by Plaintiffs, if any, resulted from intervening acts of superseding negligence and/or fault of other persons and/or entities for whom Talos is not responsible.

### Tenth Affirmative Defense

In the alternative, and only in the event of any fault or breach of duty by Talos, which is not admitted but is specifically denied, Talos affirmatively avers that it is entitled to a credit or

offset of any sums paid to Plaintiffs by any person, firm, or insurer for any portion of Plaintiffs' alleged damages, if any.

## Eleventh Affirmative Defense

In the alternative, and only in the event of any fault or breach of duty by Talos, which is not admitted but is specifically denied, Talos affirmatively avers that the damages alleged by Plaintiffs were not caused by any negligence or fault on the part of Talos, its employees, agents, or other persons for whom it may be responsible, but instead were caused by the usual and customary risks of a person in Mr. LeJeune's occupation, which risks were knowingly/voluntarily assumed by Mr. LeJeune, which serves to bar/reduce any recovery of damages.

## Twelfth Affirmative Defense

If any defect or hazard existed, which is not admitted but is specifically denied, the defect or hazard sued upon was open, obvious, and well-known to Mr. LeJeune.

## Thirteenth Affirmative Defense

Talos affirmatively avers that if Plaintiffs are now suffering from any injury, illness, or disability that pre-existed the alleged accident and/or is the natural progression of a condition that pre-existed the alleged accident, Plaintiffs cannot recover damages, if any, to the extent of such pre-existing disability, injury, illness, or condition.

## Fourteenth Affirmative Defense

Talos specifically pleads the affirmative defense of setoff, if applicable.

## Fifteenth Affirmative Defense

Talos affirmatively avers that, to the extent applicable, the claims asserted by Plaintiffs may be prohibited and/or barred by applicable provisions of state or federal workers' compensation laws, including, but not limited to, the Longshore Harbor Workers' Compensation Act and/or the

Louisiana Workers' Compensation Act, including the defenses of borrowing and/or statutory employer, and/or other applicable laws.

### Sixteenth Affirmative Defense

Talos affirmatively avers that it was not on notice of any problem or condition which is alleged to have caused or contributed to Plaintiffs' alleged injuries.

### Seventeenth Affirmative Defense

Talos is not the insurer of Mr. LeJeune's safety and met the standard of care applicable to Mr. LeJeune in the premises, discharged every duty which it may have owed to Mr. LeJeune, and has no liability in the premises.

### Eighteenth Affirmative Defense

Talos denies that it had knowledge, either actual or constructive, of any hazard or unreasonably dangerous condition, and as such, cannot be assessed with any negligence in this matter and is entitled to a dismissal of Plaintiffs' claims.

### Nineteenth Affirmative Defense

Talos affirmatively avers that the provisions of Louisiana Civil Code articles 2323 and 2324 for assessment of liability against all persons and parties whose negligence or fault caused or contributed, in whole or in part, to Plaintiffs' alleged damages, which serves either as a complete bar to recovery against Talos or for which Plaintiffs' recovery against, if any, should be appropriately reduced.

### Twentieth Affirmative Defense

Talos reserves any and all rights that it may have against other defendants or third parties in connection with the claims asserted by Plaintiffs, including, but not limited to, claims for defense, indemnity, and/or contribution.

## Twenty-First Affirmative Defense

To the extent applicable, Talos pleads and incorporates by reference all defenses asserted by any other defendant in this matter in their respective pleadings.

## Twenty-Second Affirmative Defense

Talos respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and reserves the right to supplement and/or amend its answer as may hereinafter be appropriate.

AND NOW, subject to the foregoing affirmative defenses, Talos answers the Petition filed by Plaintiffs as follows:

1.

The allegations in the preamble and paragraph 1 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, Talos admits that it is a foreign limited liability company authorized to do business within the State of Louisiana and that its principal place of business is located in Houston, Texas. All other allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

2.

The allegations in paragraph 2 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, Talos admits that Talos Energy Ventures, LLC—an indirectly wholly owned subsidiary of Talos Energy Inc.—was the majority owner of a fixed platform located at Ewing Bank 873 in

the Gulf of Mexico (the "Platform") on October 20, 2023. The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

3.

The allegations in paragraph 3 of the Petition are not directed to Talos and do not require a response from Talos. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

4.

The allegations in paragraph 4 of the Petition state conclusions of law, jurisdictional allegations, and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, the allegations are denied.

5.

The allegations in paragraph 5 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, Talos admits that Mr. LeJeune was employed by Offshore Energy Services, LLC and working aboard the Platform on October 20, 2023. Any other allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

6.

The allegations in paragraph 6 of the Petition are admitted.

7.

The allegations in paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations in paragraph 8 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations in paragraph 9 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations in paragraph 10 of the Petition, including subparts "A." through "K.", state conclusions of law and/or mixed statements of law and fact that are not directed to Talos and do not require a response from Talos. To the extent an answer is required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations in paragraph 11 of the Petition, including subparts "A." through "K.", state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, the allegations are denied.

12.

The allegations in paragraph 12 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is

required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations in paragraph 13 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations in paragraph 14 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, any allegations directed to Talos are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations in paragraph 15 of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, the allegations are denied. Talos denies any and all liability to Plaintiffs.

16.

The allegations in the prayer of the Petition state conclusions of law and/or mixed statements of law and fact that do not require a response from Talos. To the extent an answer is required, the allegations are denied.

17.

Any and all remaining, unnumbered allegations, subtitles, etc. contained in the Petition are denied.

WHEREFORE, Talos prays that its Answer and Affirmative Defenses to the Petition filed by Plaintiffs be deemed good and sufficient and, after due proceedings are had, that there be judgment in favor of Talos and against Plaintiffs, dismissing Plaintiffs' claims with prejudice, at Plaintiffs' sole cost, and for all other equitable relief.

Respectfully submitted,

**NEUNERPATE**

By:  */s/ Phillip M. Smith*
Kevin P. Merchant – La. Bar No. 24559
(kmerchant@neunerpate.com)
Phillip M. Smith – La. Bar No. 37314
(psmith@neunerpate.com)
Robert D. Guidry – La. Bar No. 40386
(rguidry@neunerpate.com)
1001 West Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone:    337-237-7000
Fax:          337-233-9450

***Attorneys for Talos***