UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TRAVIS LEJEUNE AND CAITLYN LEJEUNE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, PJL, LJL, AND HAL | CIVIL ACTION NO. 6:24-cv-01586 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| NABORS DRILLING TECHNOLOGIES USA, INC., NABORS OFFSHORE CORPORATION, TALOS ENERGY, LLC, AND TALOS OIL & GAS, LLC | MAGISTRATE JUDGE DAVID J. AYO |

## **ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, come the Defendants, Nabors Drilling Technologies USA, Inc. and Nabors Offshore Corporation (hereinafter collectively referred to as "Nabors"), which answer and/or otherwise respond to the Petition for Damages[1] of the Plaintiffs, Travis Lejeune and Caitlyn Lejeune, individually and on behalf of their minor children, PJL, LJL, and HAL, as follows:

1.

Except to admit that Nabors Drilling Technologies USA, Inc. and Nabors Offshore Corporation are foreign corporations, the remaining allegations of Paragraph 1 of the Petition, including all subparts, are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of Paragraph 2 of the Petition are denied for lack of sufficient information

---

[1]     Rec. Doc. 1-1.

upon which to justify a belief therein.

3.

Except to admit that Nabors performs certain work pertaining to the oil and gas industry, the remaining allegations of Paragraph 3 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

4.

The allegations of Paragraph 4 of the Petition contain conclusions of law not requiring a response. To the extent a response is required, however, the allegations are denied.

5.

The allegations of Paragraph 5 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

6.

The allegations of Paragraph 6 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

7.

The allegations of Paragraph 7 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

8.

The allegations of Paragraph 8 of the Petition are denied.

9.

The allegations of Paragraph 9 of the Petition are denied to the extent the allegations pertain to Nabors.  To the extent the allegations pertain to any other Defendants, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations of Paragraph 10 of the Petition, including all subparts, are denied.

11.

The allegations of Paragraph 11 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations of Paragraph 12 of the Petition are denied to the extent the allegations pertain to Nabors.  To the extent the allegations pertain to any other Defendants, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations of Paragraph 13 of the Petition are denied to the extent the allegations pertain to Nabors.  To the extent the allegations pertain to any other Defendants, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

14.

The allegations of Paragraph 14 of the Petition are denied to the extent the allegations pertain to Nabors.  To the extent the allegations pertain to any other Defendants, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

15.

The allegations of Paragraph 15 of the Petition do not require a response. To the extent a response is required, however, the allegations are denied to the extent they pertain to Nabors.  To the extent the allegations pertain to any other Defendants, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

16.

Nabors denies each and every allegation of the Petition not specifically admitted herein, including the Plaintiffs' prayer for relief.

AND NOW, further responding herein, the Defendants, Nabors Drilling Technologies USA, Inc. and Nabors Offshore Corporation, assert the following additional defenses:

## FIRST DEFENSE

The Plaintiffs have no right of action against, and have failed to state a claim or cause of action against Nabors.

## SECOND DEFENSE

The Plaintiffs' injuries and/or damages, if any and which are denied, were caused solely or partially by the fault, negligence or neglect of the Plaintiffs or through the fault, negligence or neglect of others for whom Nabors is not legally responsible.  Said fault, negligence or neglect should serve as a complete bar to or diminution of any claims the Plaintiffs may have against Nabors herein.

## THIRD DEFENSE

The Plaintiffs' physical, mental and/or medical conditions, if any, are due to pre-existing and/or unrelated medical conditions, injuries, accidents, events and/or traumas for which Nabors is not responsible.

## FOURTH DEFENSE

To the extent applicable, any injuries and/or damages were caused or occasioned by known and/or open and obvious risks that were voluntarily assumed, which should serve as a complete bar to or diminution of any claims the Plaintiffs have against Nabors.

### FIFTH DEFENSE

If the Plaintiffs have failed to mitigate damages as required by law, then that failure to mitigate is pled in complete bar to or diminution of any claims the Plaintiffs have against Nabors.

### SIXTH DEFENSE

Alternatively, the Plaintiffs' injuries and/or damages resulted from an unforeseeable occurrence, and/or independent, intervening or superseding causes, for which Nabors cannot be held legally responsible.

### SEVENTH DEFENSE

Alternatively, the Plaintiffs' injuries and/or damages, if any and which are denied, were caused by an unavoidable accident for which Nabors cannot be held legally responsible.

### EIGHTH DEFENSE

Alternatively, the Plaintiffs' injuries and/or damages, if any and which are denied, were caused by an act of God, *force majeure*, or other unforeseeable occurrence for which Nabors cannot be held legally responsible.

### NINTH DEFENSE

To the extent applicable, the Plaintiffs' sole remedies are governed by the applicable state and/or federal workers' compensation laws such that the Plaintiffs' claims in this matter should be dismissed with prejudice.

### TENTH DEFENSE

To the extent applicable, Nabors asserts the borrowed servant doctrine as a defense to the Plaintiffs' claims.

### ELEVENTH DEFENSE

To the extent applicable, Nabors pleads the failure to follow physician recommendations concerning treatment, recovery and/or ability to return to work as a defense.

### TWELFTH DEFENSE

Nabors shows that it cannot be liable and is not responsible for any actions, negligence, fault and/or liability of, or offenses committed by any independent contractors such that any claims by the Plaintiffs against Nabors should be dismissed with prejudice.

### THIRTEENTH DEFENSE

Nabors exercised no operational control over the activities, work, premises and/or equipment in question such that any claims by the Plaintiffs against Nabors should be dismissed with prejudice.

### FOURTEENTH DEFENSE

The Plaintiffs' claims against Nabors are barred in whole or in part by the failure to exercise ordinary care and caution to protect against the injuries and/or damages claimed in this litigation.

### FIFTEENTH DEFENSE

Nabors did not owe a duty to the Plaintiffs for any incident, accident, and/or injuries alleged.

### JURY TRIAL REQUEST

Nabors Drilling Technologies USA, Inc. and Nabors Offshore Corporation pray for trial by jury on all issues so triable.

WHEREFORE, the Defendants, Nabors Drilling Technologies USA, Inc. and Nabors Offshore Corporation, pray that their Answer and Defenses be deemed good and sufficient, and after due proceedings are had and trial by jury, there be judgment in favor of Nabors Drilling

Technologies USA, Inc. and Nabors Offshore Corporation dismissing the Petition for Damages of the Plaintiffs, Travis Lejeune and Caitlyn Lejeune, individually and on behalf of their minor children, PJL, LJL, and HAL, with prejudice and at their sole costs, and for all other general and equitable relief that this Honorable Court deems fit.

Respectfully submitted,

s/ Melanie C. Donahue

_____

TIMOTHY W. HASSINGER (#25085)
MELANIE C. DONAHUE (#32115)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
#3 Sanctuary Boulevard, 3rd Floor
Mandeville, Louisiana  70471
Telephone: (985) 674-6680
Facsimile: (985) 674-6681

*Counsel for Nabors Drilling Technologies*
*USA Inc. and Nabors Offshore Corporation*